**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Kevin P. Feeley</u>

    v.                                             Civil No. 09-cv-432-JL

<u>State of New Hampshire</u>

### REPORT AND RECOMMENDATION

Before the Court is Kevin P. Feeley's Complaint, construed to consist of his original complaint (doc. no. 1) and the addenda with attachments (doc. nos. 5-7).  <u>See</u> Fed. R. Civ. P. 10(c) (exhibits attached to pleading are part of pleading for all purposes).  Because Feeley is proceeding both pro se and in forma pauperis, the matter is before me for preliminary review, and to, among other things, recommend dismissal of the complaint or any portion thereof that fails to state a claim upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1).

<u>Standard of Review</u>

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual

assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

A liberal construction of the florid, convoluted wording of the Complaint (doc. nos. 1 and 5-7) yields the following statement of facts and assertion of claims.

A.  Guardianship

Feeley is disabled, having suffered serious injuries years ago, including severe burns and a traumatic brain injury. Feeley was placed in a medically-induced coma and became the subject of a guardianship proceeding filed more than 20 years ago in Merrimack County Probate Court, case no. G87-56. Petitioners in that matter, described by Feeley as "adversaries," contended that he was incapacitated and required the appointment of a guardian.

See Compl. (doc. no. 1) at 2.  Feeley claims that his adversaries acted negligently.  Feeley asserts that he lost rights over his person and property in those proceedings and suffered harm, including social and familial ostracism, professional degradation, and loss of income.

B.   Criminal Case

At some point after Feeley became disabled, a grand jury indicted him for criminal conduct not specified in the complaint.  Feeley asserts that he could not find competent defense counsel to represent him, and he was therefore convicted of at least one charge on which he was indicted, and sentenced to prison.  Feeley asserts that the prosecution in his case was both malicious and politically motivated.

C.   Products Liability Claim

While serving his prison sentence, Feeley attempted to litigate a products liability claim in Merrimack County Superior Court.  Feeley's incarceration prevented him from appearing personally in state court on the matter, and the court "addressed" the matter in his absence.  Compl. (doc. no. 1) at 5.

D.   <u>Billing Dispute</u>

Feeley is no longer incarcerated. Feeley recently went to Concord Eye Care, P.C., for an eye examination. As Feeley could not pay the bill, he directed the provider to file a claim with an insurer administering his worker's compensation lump sum settlement. Feeley received information from the New Hampshire Department of Labor on how the provider should file a claim with the insurer, and Feeley forwarded that information to Concord Eye Care. Feeley has learned that the insurer has denied the claim because no claim has been paid from the settlement funds for 17 years. Feeley has characterized the billing dispute as implicating fraudulent medical practices, and he has requested the involvement of the United States Attorney in the dispute.

On August 6, 2010, Feeley received a letter from a collection agency, B&R Inc., demanding payment on the Concord Eye Care claim. Feeley replied to that demand with a letter dated August 10, 2010, explaining that he is challenging the insurer's denial of the claim. Feeley further noted in the letter to the collection agency, that he has conferred with the New Hampshire Worker's Compensation Dispute Resolution Coordinator, and that he has kept the United States Attorney's Office apprised of the

situation.  Feeley asserted that the collection agency's intercession in the matter constitutes a "potential and probable" violation of state and federal laws, including the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, and further explained that he is attempting to resolve his dispute with the insurer as expediently as he can.  Plf's Supp. Br. 003 (doc. no. 7) at 17.

E.  Claims

Feeley filed this case against the State of New Hampshire to redress civil rights deprivations "past, present, and future."  Feeley has characterized this action as involving interstate truck transportation and Feeley's right to interact with society.

The claims based on federal law asserted in the complaint (doc. nos. 1 and 5-7) are the following[1]:

> 1.  Participants in a guardianship proceeding in Merrimack County Probate Court violated Feeley's rights by causing him to be divested of control over his person and property.
>
> 2.  The State of New Hampshire maliciously prosecuted Feeley, who lacked access to competent defense counsel, in connection with criminal charges, resulting in his conviction and prison sentence.

---

[1] The identification of federal claims herein will be considered for all purposes in this case to be the claims raised in the Complaint (doc. nos. 1, 5 and 6).  If Feeley disagrees with this identification of the claims, he must timely file an objection to the Report and Recommendation, and move to amend the Complaint.

3.   The State interfered with Feeley's right of access to the courts in connection with a products liability action that Feeley was litigating while incarcerated.

4.   B&R, Inc., in demanding payment on a medical claim while Feeley was disputing the claim, has violated the ADA, 42 U.S.C. § 12203.

## Discussion

I.   Inadequacy of Factual Allegations

A civil rights "claim must at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Guglielmo v. Cunningham, 811 F. Supp. 31, 35 (D.N.H. 1993) (citing 42 U.S.C. § 1983 and Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982)).  Feeley's allegations are nonspecific as to those necessary particulars, especially when stripped of their conclusory trappings, and are therefore subject to dismissal for failure to state a claim upon which relief can be granted.  The following additional bases for dismissing the complaint render an order to amend futile in this case.

II.   Eleventh Amendment

Claims cannot be maintained in federal court against unconsenting states and their agencies, absent Congressional abrogation of the State's sovereign immunity.  See Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146

(1993). Neither a waiver of sovereign immunity, nor any Congressional abrogation of that immunity, exists as to the claims asserted here. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989) (Congress did not abrogate Eleventh Amendment immunity through section 1983). Accordingly, the claims asserted against the State of New Hampshire should be dismissed under the Eleventh Amendment.

### III. Probate Court Proceeding

The precise nature of Feeley's claims relating to the probate court proceedings is unclear. To the extent that Feeley seeks to attack a judgment of the Merrimack County Probate Court to which he was a party, on the ground that he suffered a violation of his federal civil rights, those claims are not viable. "The Rooker-Feldman doctrine, with certain exceptions such as habeas corpus, precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the [plaintiff] was a party." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).

Feeley has not stated in the complaint whether that guardianship proceeding remains open. That issue does not control the applicability of Rooker-Feldman to the claims here, however, as issues relating to Feeley's capacity and control over

his assets and person, arising in a guardianship proceeding initiated more than twenty years ago, were presumably decided by the probate court in decisions that became final and appealable many years ago.[2]  Cf. In re Guardianship of Phuong Phi Thi Luong, 157 N.H. 429, 438, 951 A.2d 136, 144 (2008) ("'where no issue is left for future consideration except for the fact of compliance or noncompliance with the terms of the decree,'" decree is final and appealable (citation omitted)).  Rooker-Feldman applies when the losing party in state court files suit in federal court after the state court proceedings have ended.  See Federacion de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 21 (1st Cir. 2005) (citations omitted).  Once the state court proceedings have ended, a federal district court lacks jurisdiction to review a state court decision even if the judgment is patently wrong or was entered following patently unconstitutional proceedings.  See D.C. Ct. App. v. Feldman, 460 U.S. 462, 486 (1983).  To the extent that a probate court judgment divested Feeley of control over his person and property, and Feeley is claiming that the divestiture deprived him of a federally protected right, the claim would be barred by the Rooker-Feldman doctrine.  See Mann

---

[2] It appears that the claims relating to Feeley's guardianship, even if they had once been cognizable, would also be subject to dismissal as untimely filed.

v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007) (Rooker-Feldman barred district court from considering claims seeking to nullify probate court orders declaring plaintiff's father incompetent and appointing guardian and conservator).

IV.  Criminal Case and Heck Rule

Feeley's claims relating to the State's prosecution of criminal charges against him, resulting in his incarceration, and the inadequacy of defense counsel, are also subject to dismissal. "[A]nnulment of the underlying conviction is an element of a section 1983 'unconstitutional conviction' claim." Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  As Feeley has not shown that his underlying conviction was annulled or otherwise invalidated through a "separate, antecedent proceeding," Feeley's claims asserting malicious prosecution and other constitutional deficiencies in the criminal trial cannot be maintained in this court.  Figueroa, 147 F.3d at 81 (dismissing malicious prosecution and prosecutorial misconduct claims brought by heirs of prisoner who died while in prison before his federal habeas claims could be adjudicated).  Therefore, the court should dismiss the claims challenging the validity of Feeley's conviction as barred by the Heck rule.

V.   Litigation of Products Liability Claim while Incarcerated

Prisoners have a constitutional right of access to the courts that affords them access to the tools necessary to challenge their criminal cases, criminal convictions and sentences directly or collaterally, to file habeas petitions, or to challenge the conditions of their confinement through nonfrivolous civil rights actions.  See Lewis v. Casey, 518 U.S. 343, 355 (1996).  In order to state a claim for denial of access to the courts under section 1983, a prisoner must demonstrate that the prison officials' actions "hindered his efforts to pursue a legal claim" that he is constitutionally entitled to pursue during his incarceration.  Id. at 351.  The right does not "guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  Id.

Here, Feeley's claim is that his incarceration made it impossible for him to appear in person in state court in a products liability lawsuit he had filed.  A tort claim, unrelated to any condition of confinement, is not a claim protected within the scope of Feeley's right to access the courts.  See id. at 354-55; see also Fitzgerald v. Merck and Co., Inc., 309 Fed. Appx. 913, 914 (5th Cir. 2009) (prisoner does not have

11

constitutional right to file products liability action against pharmaceutical company). Accordingly, the court should dismiss Feeley's claim asserting that the State violated his right of access to the courts by rendering him unable, while incarcerated, to litigate a products liability claim.

VI. Billing Dispute

The ADA, 42 U.S.C. § 12203(b), makes it illegal to coerce, intimidate, or threaten an individual on account of his or her having exercised rights protected by the ADA.[3] The purpose of the ADA is to eliminate disability discrimination in employment, public accommodations, and public benefits. See 42 U.S.C. § 12101(b) (Congressional statement of ADA's purpose); Oliveras-Sifre v. P.R. Dep't of Health, 214 F.3d 23, 27 (1st Cir. 2000) (protected conduct under ADA relates to employment, public benefits, and public accommodations); see generally Parker v. Universidad de P.R., 225 F.3d 1, 4 (1st Cir. 2000). To establish

---

[3]Section 12203(b) provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C. § 12203(b).

a violation of section 12203(b), the plaintiff must show that when the coercion occurred, he was exercising or enjoying a right protected by the ADA, or that the coercion was on account of his having engaged in such protected conduct.  See Wray v. Nat'l RR Passenger Corp., 10 F. Supp. 2d 1036, 1040 (E.D. Wis. 1998).

Here, the coercion consisted of a demand letter, sent to Feeley while he was challenging the underlying claim, which he believes should be paid out of a worker's compensation settlement.  There are no factual allegations in the complaint suggesting that Feeley's disability, let along disability discrimination, played any role in the provider's assertion of the underlying claim, the insurer's denial of the claim, or the collection agency's involvement in the matter.  Feeley's challenging the validity of the claim and seeking to resolve it expeditiously, under the circumstances, cannot be construed as protected conduct, and the collection agency's demand letter cannot be plausibly construed, from the facts alleged, as coercion on account of Feeley's engaging in such conduct. Accordingly, the court should dismiss the ADA claim.

The remaining allegations cannot be construed as asserting any cognizable federal claim.  To the extent that the billing dispute may implicate state law claims, this court should decline

to exercise supplemental jurisdiction.  See 28 U.S.C. § 1367 (court may decline to exercise supplemental jurisdiction upon dismissing claims as to which it has original jurisdiction).

### Conclusion

All claims in the complaint (doc. nos. 1 and 5-7) should be dismissed.  Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                  _____
                                                  Landya B. McCafferty
                                                  United States Magistrate Judge

Date:  August 20, 2010

cc:  Kevin P. Feeley, pro se

LBM:nmd