UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin P. Feeley

    v.                                      Civil No. 09-cv-432-JL

State of New Hampshire

**O R D E R**

Before the Court is plaintiff Kevin P. Feeley's Motion to Amend his civil rights complaint (doc. no. 10). Feeley filed the motion to amend in conjunction with his objection to my Report and Recommendation (doc. no. 8), issued August 20, 2010, recommending dismissal of the claims in the original complaint (construed to consist of doc. nos. 1 and 5-7). The motion to amend is before me for a ruling on the merits, and, because Feeley is proceeding both pro se and in forma pauperis, for the purpose of determining if the matters asserted therein alter my August 20, 2010, recommendation that the case be dismissed. See Report and Recommendation (Aug. 20, 2010) (doc. no. 8); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1) (magistrate judge designated to conduct preliminary review of amendments to pleadings filed pro se by plaintiffs in forma pauperis).

A.   <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a) authorizes a plaintiff to amend a complaint once after service.  Feeley's complaint has not been served.  Accordingly, the motion to amend (doc. no. 10) is granted.  The complaint in this action, as amended, shall henceforth be construed to consist of the original complaint and addenda (doc. nos. 1 and 5-7), the factual allegations in the motion to amend (doc. no. 10), and the exhibits attached thereto.

B.   <u>Effect on Report and Recommendation</u>

In my August 20, 2010, Report and Recommendation (doc. no. 8), I noted that Feeley had asserted claims arising from (1) a guardianship proceeding in Merrimack County Probate Court; (2) Feeley's criminal convictions; (3) Feeley's incarceration that interfered with his ability to prosecute a tort case; and (4) a billing dispute involving an eye examination.  Upon consideration of the factual allegations asserted in the motion to amend and the exhibits thereto, I find no reason to alter my recommendation that the claims identified in the August 20, 2010, Report and Recommendation (doc. no. 8) be dismissed for the reasons set forth in that Report and Recommendation.

While nothing alleged in the amended complaint alters my recommendation of dismissal, I note that Feeley has clarified

one point that I had assumed without deciding in the August 20, 2010, Report and Recommendation: the guardianship proceeding at issue terminated many years ago.  See Ex. 1 to Mot. to Amend (doc. no. 10-1) (petition to terminate guardianship granted on July 21, 1989).  This raises the statute of limitations as an additional ground for dismissing claims asserted in connection with those proceedings.  See N.H. Rev. Stat. Ann. § 508:4 (personal injury actions must be filed within three years); see also Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (three-year statute of limitations applies to claims asserted under 42 U.S.C. § 1983, arising in New Hampshire).

## Conclusion

The motion to amend (doc. no. 10) is granted.  Nothing asserted in that motion alters my recommendation that this case be dismissed, for the reasons set forth in the August 20, 2010, Report and Recommendation (doc. no. 8).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:    November 16, 2010

cc:      Kevin P. Feeley, pro se

LBM:nmd